Richard D. Scott (VSB No. 44527)
Law Office of Richard D. Scott
302 Washington Avenue SW
Roanoke, VA  24016
Phone:  (540) 400-7997
Facsimile:  (540) 491-9465

Counsel for LandAmerica Financial Group, Inc.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| LandAmerica Financial Group, Inc., et. al., | ) | Case No. 08-35994 (KRH) |
| | ) | |
| Debtors | ) | (Jointly Administered) |
| | ) | |
| | ) | |
| LandAmerica Financial Group, Inc., | ) | |
| | ) | |
| Plaintiff, | ) | Adv. Proc. No. _____ |
| | ) | |
| v. | ) | |
| | ) | |
| Digital Map Products Inc, | ) | |
| | ) | |
| Defendant. | ) | |

**COMPLAINT TO AVOID AND RECOVER TRANSFERS
PURSUANT TO 11 U.S.C. §§ 544, 547, 548 AND 550 AND
TO DISALLOW CLAIM(S) PURSUANT TO 11 U.S.C. § 502(d)**

LandAmerica Financial Group, Inc. ("**LFG**"), by counsel, for its Complaint to Avoid and

Recover Transfers Pursuant to 11 U.S.C. §§ 544, 547, 548 and 550 and to Disallow Claim(s)

Pursuant to 11 U.S.C. § 502(d) (the "**Complaint**"), respectfully states as follows:

**PRELIMINARY STATEMENT**

1.     By this Complaint, LFG seeks to avoid and recover from Defendant (defined

below), or from any other person or entity for whose benefit the transfers were made, all

preferential and/or constructively fraudulent transfers of property made by LFG to or for the

benefit of Defendant. LFG further seeks disallowance of all proofs of claim filed by Defendant and/or all claims scheduled as undisputed, liquidated and non-contingent by LFG in favor of Defendant.

## THE PARTIES

2.      The LFG Liquidation Trust (the "**LFG Trust**") was established pursuant to the Joint Chapter 11 Plan of LandAmerica Financial Group, Inc. and its Affiliated Debtors dated November 16, 2009 (the "**Plan**"), as confirmed by orders of this Court dated November 23, 2009 and February 16, 2010. Pursuant to section 9.10 of the LFG Liquidation Trust Agreement, prosecution of all Claims and/or Causes of Action held by the LFG Trust, including Chapter 5 LFG Litigation, may be in the name of "LandAmerica Financial Group, Inc."[1]

3.      Upon information and belief, Digital Map Products Inc ("**Defendant**") is a person, as defined in section 101(41) of title 11 of the United States Code (the "**Bankruptcy Code**"), residing in and/or conducting business in the United States and maintaining a business relationship with LFG and/or one or more of its subsidiaries.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157(a) and 1334(b).

5.      This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B), (F) and (O).

6.      Venue of this adversary proceeding is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409(a).

## BACKGROUND

7.      On November 26, 2008 (the "**Petition Date**"), LFG and LandAmerica 1031

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Plan.

Exchange Services, Inc. ("**LES**") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.  On March 6, 2009, March 27, 2009, March 31, 2009, July 17, 2009, October 12, 2009 and November 4, 2009, various LFG affiliates (LandAmerica Assessment Corporation, LandAmerica Title Company, Southland Title Corporation, Southland Title of Orange County, Southland Title of San Diego, LandAmerica Credit Services, Inc., Capital Title Group, Inc. and LandAmerica OneStop, Inc. (collectively with LES and LFG, the "**Debtors**")) also commenced voluntary chapter 11 cases in this Court.  Pursuant to orders of this Court dated November 28, 2008, March 11, 2009, April 8, 2009, April 9, 2009, July 22, 2009, October 26, 2009 and November 13, 2009, the chapter 11 cases of the Debtors are being jointly administered under case number 08-35994 (the "**Bankruptcy Case**").

8.      The Plan became effective as to all Debtors other than LandAmerica OneStop, Inc. ("**OneStop**") on December 7, 2009 (the "**Effective Date**") and as to OneStop on March 1, 2010.

9.      On the Effective Date, the Plan vested the LFG Trust with, among other things, all LFG Chapter 5 Litigation.

10.     LFG made transfers to or for the benefit of Defendant within two (2) years of the Petition Date, including without limitation those transfers set forth on Exhibit A attached hereto and incorporated herein by reference, together with any other transfers that may later be identified (collectively, the "**Transfers**").

11.     At the time of the Transfers, Defendant was owed money by LFG and/or one or more of its subsidiaries for goods and/or services provided to LFG and/or one or more of its subsidiaries.

12.     LFG made written demand for return of the Transfers or the value thereof by the filing of this Complaint.

## COUNT I
### Avoidance of Fraudulent Transfers Pursuant to 11 U.S.C. § 544(b)(1)
### and Section 55-81 of the Virginia Code

13.     The allegations set forth in paragraphs 1 through 12 above are incorporated herein by reference.

14.     The Transfers were not made in exchange for consideration deemed valuable in law.

15.     LFG was insolvent at the time of the Transfers or was rendered insolvent by the Transfers.

16.     The Transfers are avoidable pursuant to section 544(b) of the Bankruptcy Code and section 55-81 of the Virginia Code.

## COUNT II
### Avoidance of Fraudulent Transfers Pursuant to 11 U.S.C. § 548(a)(1)(B)

17.     The allegations set forth in paragraphs 1 through 12 above are incorporated herein by reference.

18.     LFG made the Transfers to Defendant within two (2) years of the Petition Date.

19.     LFG did not receive reasonably equivalent value in exchange for the Transfers.

20.     The Transfers were made at a time when LFG was insolvent, LFG was rendered insolvent thereby and/or LFG engaged in business or a transaction for which any property remaining with LFG after the Transfers was an unreasonably small capital.

21.     The Transfers are avoidable pursuant to section 548(a)(1)(B) of the Bankruptcy Code.

4

## COUNT III
### Avoidance of Preferential Transfers Pursuant to 11 U.S.C. § 547(b)

22.     The allegations set forth in paragraphs 1 through 12 are incorporated herein by reference.

23.     Each of the Transfers constitutes a transfer of an interest in property of LFG.

24.     Each of the Transfers was made, or caused to be made, directly to or for the benefit of Defendant.

25.     To the extent Defendant was a creditor of LFG at the time of the Transfers, some or all of the Transfers were made on account of an antecedent debt owed to Defendant for which LFG was legally bound to pay.

26.     Each of the Transfers was made while LFG was insolvent.

27.     Defendant received some or all of the Transfers during the ninety (90) days prior to the Petition Date (the "**Preference Period**").

28.     As a result of the Transfers, Defendant received more than it would have received if: a) the Bankruptcy Case was a case under chapter 7 of the Bankruptcy Code; b) the Transfers had not been made; and c) Defendant had received payment on its debts to the extent provided by the Bankruptcy Code.

29.     To the extent Defendant was a creditor of LFG at the time of the Transfers, the Transfers made during the Preference Period are avoidable pursuant to section 547(b) of the Bankruptcy Code.

## COUNT IV
### Recovery of Avoided Transfers Pursuant to 11 U.S.C. § 550(a)

30.     The allegations set forth in paragraphs 1 through 29 above are incorporated herein by reference.

31.     Upon the avoidance of the Transfers under sections 544, 547 and/or 548 of the Bankruptcy Code, LFG may recover the Transfers or the value thereof from Defendant or any mediate or immediate transferee pursuant to section 550(a) of the Bankruptcy Code.

**COUNT V**
**Disallowance of Claim(s) Pursuant to 11 U.S.C. § 502(d)**

32.     The allegations set forth in paragraphs 1 through 31 above are incorporated herein by reference.

33.     Section 502(d) of the Bankruptcy Code provides that the claim of any transferee receiving a transfer that is avoidable under sections 544, 547 and/or 548 of the Bankruptcy Code shall be disallowed unless the transferee turns over the property or the value thereof to the estate.

34.     Defendant has not paid or surrendered the Transfers or the value thereof to LFG.

35.     Any claims filed by Defendant against LFG must be disallowed pursuant to section 502(d) of the Bankruptcy Code.

**COUNT VI**
**Prejudgment Interest Pursuant to Section 8.01-382 of the Virginia Code**

36.     The allegations set forth in paragraphs 1 through 31 above are incorporated herein by reference.

37.     LFG, by counsel, made written demand upon Defendant for the return of the Transfers by the filing of this Complaint.

38.     LFG has been delayed in its recovery of the Transfers by Defendant's failure to return the Transfers or the value thereof.

39.     Pursuant to section 8.01-382 of the Virginia Code, LFG is entitled to pre-judgment interest on the value of the Transfers from the date of this Complaint until the entry of judgment in this proceeding to compensate the estate for the delay arising from Defendant's refusal to return the Transfers or the value thereof.

6

**RESERVATION OF RIGHTS**

40.     LFG hereby specifically reserves the right to bring any and all other causes of action that it may maintain against Defendant including, without limitation, causes of action arising out of the same transaction(s) set forth herein, to the extent discovery in this action or further investigation by LFG reveals such further causes of action.

WHEREFORE, LFG, by counsel, respectfully prays for a judgment against Defendants that provides for:

(1)     Avoidance and recovery of the Transfers pursuant to sections 544, 547, 548 and/or 550 of the Bankruptcy Code;

(2)     Disallowance of any and all claims of Defendants pursuant to section 502(d) of the Bankruptcy Code;

(3)     An award of prejudgment interest at the maximum legal rate from the date of this Complaint until entry of the judgment pursuant to section 8.01-382 of the Virginia Code;

(4)     An award of costs and disbursements incurred by LFG in this action; and

(5)     An award of such other relief as may be just and proper.

Respectfully submitted,

By: /s/ Richard D. Scott
Richard D. Scott (VSB No. 44527)
Law Office of Richard D. Scott
302 Washington Avenue SW
Roanoke, VA  24016
Phone:  (540) 400-7997
Facsimile:  (540) 491-9465

Counsel for LandAmerica Financial Group, Inc.

**Exhibit A**

# LandAmerica Financial Group, Inc.

*Transfers made by LandAmerica Financial Group, Inc.*

| Transferee | Transfer Number | Transfer Date | Transfer Clear Date | Transfer Amount |
|---|---|---|---|---|
| Digital Map Products Inc | 01887265 | 3/12/2008 | 3/17/2008 | $14,919.00 |
| Digital Map Products Inc | 01892557 | 3/17/2008 | 3/21/2008 | $15,934.50 |
| Digital Map Products Inc | 01938387 | 4/23/2008 | 4/29/2008 | $17,008.00 |
| Digital Map Products Inc | 01987983 | 6/11/2008 | 6/18/2008 | $19,530.00 |
| Digital Map Products Inc | 01993939 | 6/17/2008 | 6/24/2008 | $20,060.00 |
| Digital Map Products Inc | 02037399 | 8/1/2008 | 8/7/2008 | $22,530.00 |
| Digital Map Products Inc | 02052965 | 8/21/2008 | 8/27/2008 | $25,000.00 |
| Digital Map Products Inc | 02080455 | 9/22/2008 | 9/26/2008 | $23,630.00 |
| Digital Map Products Inc | 02102074 | 10/16/2008 | 10/23/2008 | $29,870.00 |
| | | | | $188,481.50 |